UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

JOSE BIENVENIDO,

Petitioner,

-v-

UNITED STATES OF AMERICA,

Respondent.

---------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED. 2 2 MAR 2011

No. 10 Civ. 2938 (LTS)

## MEMORANDUM ORDER

Jose Bienvenido ("Bienvenido" or "Movant"), proceeding pro se, filed the instant

motion, pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed on him

by the Court. The Court has jurisdiction of the motion pursuant to 28 U.S.C. § 1331.

Bienvenido asserts that he is entitled to relief because: (1) he was not given the benefit of

Amendment 706 to the United States Sentencing Guidelines ("Guidelines"), which entitles him

to a sentence reduction under 18 U.S.C. § 3852(c)(2); (2) he received ineffective assistance of

counsel because defense counsel failed to notify the Court of Movant's "exceptional remorse"

and the disparity between Movant's sentence and the sentence imposed on one of his co-

defendants; and (3) he signed a plea agreement under which he agreed to a base offense level of

30. The Court has carefully and thoroughly considered all of the parties' submissions. For the

following reasons, the Motion is denied in its entirety.

## BACKGROUND

Bienvenido was arrested on January 24, 2008. On February 20, 2008, a grand

jury indicted Bienvenido and two co-defendants, Eugenio Diaz and Domingo Diaz, on one count

Copies mailed/handed to    MR Bjenvenido'
Chambers of Judge Swain    3-22-11

of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21

U.S.C. § 846, and one count of distribution and possession with intent to distribute cocaine base

in violation of 21 U.S.C. § 841(b)(1)(A). The indictment followed an investigation that took

place over the course of July, August and September 2007, during which time Bienvenido and

his co-conspirators sold approximately 306 grams of cocaine to an undercover officer on three

occasions and sold approximately 164 grams of crack cocaine on a separate occasion. Each

offense carries a mandatory minimum of ten years imprisonment and five years of supervised

release.

On December 2, 2008, after jury selection had begun, Bienvenido pleaded guilty

to both counts in the Indictment. Prior to his guilty plea, the Government provided Bienvenido

with a letter ("Pimentel Letter") pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d

Cir. 1991), informing him of the United States Attorney's Office's view of the penalties and

advisory Guidelines calculations that would apply in the event of a conviction. The Pimentel

Letter stated that its analysis of the Guidelines "forms no part of any plea agreement between the

Office and Jose Bienvenido." (Pimentel Letter 1.) The letter stated that Bienvenido's applicable

Guidelines offense level was 30 and Criminal History Category was I, and that the advisory

Guidelines range as to both counts of his indictment was from 97 to 121 months imprisonment.

(Id. at 3.)

On February 20, 2009, the Probation Office for the United States District Court

for the Southern District of New York prepared a Presentence Investigation Report

("Presentence Report" or "Report") in anticipation of Bienvenido's sentencing. The Report

computed Movant's base offense level under the Guidelines as 32. (Presentence Report at ¶ 21.)

The base offense level was lowered by two points for Bienvenido's acceptance of responsibility, pursuant to § 3E1.1(a), to a total offense level of 30. (Id. at ¶¶ 27, 30.) The Report noted that the Government would not move at sentencing for Bienvenido to receive the additional one-level reduction for acceptance of responsibility because Bienvenido had not pleaded guilty until the day his trial was scheduled to begin. (Id. at ¶ 27 n3.) In addition, the Report stated that, since Bienvenido had no known prior criminal convictions, his Criminal History Category was I. (Id. at ¶ 33.) The Presentence Report computed Movant's advisory Guidelines sentencing range as 120 months (the statutory mandatory minimum sentence) to 121 months on each count. (Id. at ¶ 69.) Bienvenido's total offense level was later changed from 30 to 28 upon agreement by both parties to reflect his eligibility for a safety-valve reduction. (Sentencing Transcript 4-5.) Based on a total offense level of 28 and a Criminal History Category of I, the Court found the Guidelines' range for imprisonment to be 78 to 97 months, taking into account safety-valve relief from the statutory mandatory minimum sentencing provision. (Id. 7-8.)

On March 12, 2009, the Court sentenced Bienvenido to serve a 66-month term of imprisonment with respect to each of his two counts of conviction, to run concurrently, followed by a total of five years of supervised release. (Id. at 14-15.) At sentencing, Bienvenido expressed remorse for his illegal actions, stating "I am apologize [sic] to the United States one and a thousand times. This won't happen again." (Id. at 10.) The Court found that Bienvenido's "extreme remorse . . . does warrant some reduction of what would otherwise be the reasonable advisory guideline range in this case." (Id. at 14.)

Following his sentence, Bienvenido filed a notice of appeal with the Court on March 16, 2009. On November 18, 2009, the United States Court of Appeals granted the

Government's motion for summary affirmance, finding that Petitioner's sentence was procedurally and substantively reasonable and there were no non-frivolous issues on appeal. On April 6, 2010, Bienvenido filed the instant motion.

## DISCUSSION

In order to prevail under 28 U.S.C. § 2255, a movant must demonstrate that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, if a movant asserts a claim in a § 2255 motion that he failed to raise on direct appeal, the claim is procedurally barred and the district court may not consider it. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). This rule, however, does not apply to ineffective assistance of counsel claims. See Massaro v. United States, 538 U.S. 500, 505-06 (2003).

Movant first requests that the Court reduce his Guidelines offense level by two points pursuant to Amendment 706 to the Guidelines and 18 U.S.C. § 3582(c)(2). Amendment 706 revised the Drug Quantity Table outlined in § 2D1.1(c) of the Guidelines with respect to crack cocaine and became effective on November 1, 2007. U.S. Sentencing Guidelines Manual supp. to app. C, amend. 706 (2010). Movant was sentenced on March 12, 2009, well over a year after the Amendment came into effect. The advisory Guidelines range that was calculated in connection with Movant's sentencing therefore took Amendment 706 into account. Because Movant has already received the benefit of Amendment 706, his first claim is without merit and, accordingly, is rejected.

Movant next advances two theories as to why he received ineffective assistance of counsel: (1) his counsel failed to notify the Court that it could "depart" from the Guidelines on account of a showing of "exceptional remorse" by the defendant and (2) his counsel failed to notify the Court of the disparity between the sentence he received and the sentence received by one of his co-defendants.[1] To prevail on a claim for ineffective assistance, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) prejudice resulted from counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 694 (1984). With respect to the first prong, a movant must demonstrate that counsel "committed errors so serious that [he] was not functioning as 'counsel' guaranteed by the Sixth Amendment." Id. at 687. The Court must make "every effort . . . to eliminate the distorting effects of hindsight" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007) (quoting Strickland, 466 U.S. at 689). When a movant fails to satisfy the first prong of the Strickland test, the Court need not reach the second prong See Jameson v. Coughlin, 22 F.3d 427, 430 (2d Cir. 1994).

---

[1]     It is unclear whether Movant claims that defense counsel was ineffective for failure to notify the Court of a sentencing disparity between Movant and his co-defendant or, rather, that the Court should reduce his sentence because of the sentencing disparity. (Movant's Petition 5.) To the extent that Movant makes a claim that the Court should reduce his sentence because of the sentencing disparity, the claim is procedurally barred because it was raised on appeal. (Brief for Defendant-Appellant 11.) See U.S. v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'") (quoting Cabrera v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980)). Because Movant is proceeding pro se, the Court reads his petition liberally, to raise the strongest claim it suggests. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Movant first argues that he displayed exceptional remorse at sentencing, and that he might have received a reduced sentence if defense counsel had notified the Court that exceptional remorse may trigger a downward departure. Movant's argument is unavailing because, indeed, the Court recognized his remorse, considered whether the record warranted any departures and, ultimately, varied from the advisory Guidelines range based upon its finding that he showed extreme remorse. The Court stated on the record that it found that "[Movant's] extreme remorse . . . does warrant some reduction of what would otherwise be the reasonable advisory guideline range in this case." (Sentencing Transcript 12-14.)

Movant's second ineffective assistance of counsel argument is that defense counsel failed to notify the Court of the disparity between Movant's 66-month sentence and the 60-month sentence of his co-defendant, Domingo Diaz. Movant argues that, had defense counsel directed the Court's attention to this disparity, Movant's sentence would likely have been reduced. However, defense counsel could not have notified the Court of the disparity between Movant's sentence and Diaz's sentence because Diaz was sentenced on April 24, 2009, over a month after Movant was sentenced on March 12, 2009. (Doc. Entry No. 64, 08 cr. 0140.) Furthermore, Movant and co-defendant Diaz were not similarly situated for the purposes of sentencing, as the record shows Bienvenido was more heavily involved in the transportation and sale of cocaine and crack than Diaz was. (Presentence Report at ¶ 9-16.) See U.S. v. Fernandez, 443 F.3d 19, 28 (2d Cir. 2006) ("[A] disparity between non-similarly situated co-defendants is not a valid basis for a claim of error under 18 U.S.C. §3553(a)(6).")

Movant's final ground for challenging his sentence rests on the assertion that he is entitled to an evidentiary hearing because he signed a plea agreement under which he agreed to a

base offense level of 30. "In determining whether a hearing [under §2255] is required this Court must look at the affidavits or other evidence proffered in support of the application." Moises v. U.S., 2009 WL 54260, at \*6 (S.D.N.Y. Jan. 9, 2009). "Mere generalities, conclusory assertions and hearsay are insufficient to require a hearing." Id. (citing Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974)). Additionally, the Court "need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." Puglisi v. U.S., 586 F.3d 209, 214 (2d Cir. 2009). Here, Movant has put forward no evidence in support of his request for an evidentiary hearing, and the record in this case shows that he did not plead pursuant to a plea agreement. On December 2, 2008, during the conference in which Movant pleaded guilty, the following colloquy occurred:

> THE COURT: This is not pursuant to a plea agreement, but rather a Pimentel letter has been provided by the Government?
>
>       \*     \*     \*
>
> [Bienvenido's Counsel]: Certainly, your Honor. My client desires to plead guilty to the indictment and he will do that without a plea agreement. We did receive a Pimentel letter. We had received one in the past. We again received one this afternoon. I have gone over it with my client and we are prepared to go forward.
>
> THE COURT: Each of the gentlemen[, Bienvendio and Diaz,] have also received and executed the Advice of Rights form, is that correct?
>
> [Bienvenido's Counsel]: Yes, your Honor. It was read to my client in Spanish, Spanish language, and he has signed and acknowledged the Advice of Rights, and I have acknowledged and signed the form as well that he has been advised of his rights.

(Transcript of Plea Hearing 2-3.) The Pimentel Letter that Movant received stated that the contents set forth "forms no part of any plea agreement between the Office and Jose

Bienvenido." (Pimentel Letter 1.) Further, Movant acknowledged under oath that the Court has the authority to impose a sentence that is higher or lower than the sentence called for by the Guidelines, up to the maximum permitted sentence. (Transcript of Plea Hearing 19.) In light of these considerations, there is no basis for granting Movant an evidentiary hearing on his claim that he signed a plea agreement under which he agreed to a base offense level of 30.

## CONCLUSION

For the foregoing reasons, Movant's motion for relief under 18 U.S.C. § 2255 is denied. The clerk of the Court is respectfully requested to enter judgment denying the motion and close this case.

SO ORDERED.

Dated: New York, New York
March 21, 2011

LAURA TAYLOR SWAIN
United States District Judge